Mr. Chief Justice ShaReey
delivered the opinion of the court.
This action was founded on a promissory note made by the defendant to one John Ford, who indorsed it to Charles Allwine, who indorsed it to the plaintiff. The defendant pleaded in abatement that All wine was at the time of bringing the suit, and still is, a citizen and resident of thi§ state, which plea was verified by affidavit. To this plea the plaintiff demurred, and the court overruled the demurrer.
It is made a question whether such a defence can be made available by the maker of a note under the act of1837. It seems singular that it 'should be, and yet the language of the act leaves no room for a different construction. It is peremptory that in actions on bills or notes, “ the plaintiff shall be compelled to sue the drawers and indorsers, living and resident in this state in a joint action.” However unreasonable it may seem that the maker of a note should be permitted to make this defence, in view of the liability of the parties, yet it is not altogether without reason. The maker is liable to the indorsers, and if the holder were permitted to proceed against him *265 separately, it might lead to a multiplicity of suits and an accumulation of-costs. We entertain no doubt but what the makers of notes are within the statute, although not mentioned as makers. The word “drawers,” must have been designed to embrace all parties who had signed a note or bill as maker.
But it is said the plea was bad, because Ford was also an indorser, and is not noticed in the plea. The holder is bound to sue all parties resident in the state. If he leaves out any who reside in the state, the nonjoinder of such defendants can only be taken advantage of by plea in abatement. If such a plea is not filed, then the presumption may well be indulged that all who reside in the state have been sued. So when a defendant pleads in abatement the nonjoinder of parties, the presumption is that he has given the names of all who reside in the state, and he would be estopped from again pleading that other parties should be made defendants, because in such a plea he must state who are liable to be sued. We do not think that it was incumbent on the defendant to plead that Ford, the other indorser, was a nonresident. If it had turned out on issue that he was a resident, then the plea would have been disproved; or, if on bringing in Allwine, he had pleaded the nonjoinder of Ford, then the plaintiff might have discontinued as to all but the original defendant, as was done in the case cited from 20 Pick. But wo are trying this plea^ on a demurrer; and though Ford indorsed the note, yet when the plaintiff left him out of the action, the presumption is that he was not liable to be sued. So when the defendant pleaded the nonjoinder of Allwine; the presumption still is that Ford is not liable to be sued, and if he is, the plaintiff should have taken issue on the plea, and on proof that Ford was liable, the plea would have been disproved, but it is not on its face defective.

Judgment affirmed.